ORIGINAL

JEFF CRABTREE  # 3405
LAW OFFICES OF JEFF CRABTREE
820 MILILANI STREET, SUITE 701
HONOLULU, HI  96813
Phone:  (808) 536-6260
Fax: (toll-free) 1-866-339-3380
E-Mail: lawyer@consumerlaw.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 12 2014

at __ o'clock and __ min. __ M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAI'I

DAWN DETJE,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

CIVIL NO. CV14  00126  HG RLP
(Federal Tort Claims Act)

COMPLAINT AND
~~SUMMONS IN A CIVIL ACTION~~

## COMPLAINT

Plaintiff DAWN DETJE, by and through her undersigned attorney, claims
for relief against Defendant UNITED STATES OF AMERICA ("USA").

This action against the USA arises under the Federal Tort Claims Act, 28
U.S.C., Section 2671, *et. seq.*

1.    This Court has jurisdiction pursuant to the provisions of 28 U.S.C.
Sections 1346(b), and 2671.

1

2.      The matter in controversy, exclusive of interest and costs, exceeds $2,000,000.00.

3.      All administrative procedures have been complied with and exhausted and the Complaint is timely filed.

4.      The acts and/or omissions complained of herein and which form the basis of the relief sought herein, occurred within the District of Hawai'i, and venue is proper in this Court pursuant to 28 U.S.C. Section 1391(b)(2).

5.      Defendant USA is named as the defendant under the provisions of the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b) and 2671, *et. seq.*

6.      At all times relevant herein, plaintiff DAWN DETJE was eligible to receive and did receive medical care, treatment and services from defendant USA through its Tripler Army Medical Center facility.

7.      Defendant USA, in providing the above-mentioned medical care, treatment and services, is required to use that degree of care, skill, diligence, and attention generally used by hospitals and health care facilities in the community.

8.      Defendant USA, in operating its above-described medical facility, had in its employ and/or agency, among others, doctors, nurse practitioners, nurses, nurses' aides and other personnel over which it exercises exclusive control and supervision, with the right to employ and discharge such employees.

9.      At all times relevant herein, the above-mentioned health care

providers were acting within the course and scope of said employment and/or agency, and therefore, defendant USA is legally responsible for any and all negligent acts and/or omissions committed by said health care providers in rendering medical care, treatment and services to plaintiff.

10.    Defendant USA owed a duty to plaintiff DAWN DETJE to have or employ physicians and health care providers possessing and exercising that standard of professional training, skill, knowledge and ability ordinarily possessed and exercised by a physician or health care provider engaged in their respective areas of medicine.

11.    On January 9, 2012, Plaintiff DAWN DETJE underwent surgery at defendant USA's medical facility, the Tripler Army Medical Center.  The surgical team were employees or agents of Defendant USA, which is legally responsible for their actions and inactions during the surgery.

12.    The January 9, 2012 surgery described above was to repair a gastro-gastric fistula.  The surgical team performed below the standard of care, including but not limited to causing corrosive gastric mucosa tissue to be retained.  This led to a re-operation to extract the gastric tissue.  During the second surgery on January 24, 2012, there were further violations of the standard of care and lack of informed consent, including operating too soon, and surgical errors leading to open communication from the colon/bowel to the open incision.  The surgical site

deteriorated and even today, over two years later, is still not completely closed.

13.   The surgical team's above-described acts and/or omissions caused plaintiff DAWN DETJE to sustain serious injury, including, but not limited to, inflammation, infection, a second, unnecessary operation, placement of an ostomy bag, serious pain, an opening between her colon/bowel and the surgical incision, excreting fecal material from her stomach incision, over two years of the surgical site not properly closing, and on-going re-treatment of the incision site.  Plaintiff felt fear, frustration, pain, disability, physical limitation, depression, and loss of enjoyment of life.

14.   Defendant USA was negligent and breached the standard of care and its actions were a substantial factor in causing the above-described injury to Plaintiff.

15.   Plaintiff was not fully informed of possible risks, contraindications, or alternatives to the course of treatment or non-treatment which defendant USA's employees and/or agents undertook or failed to undertake.  Defendant's failure to obtain informed consent from plaintiff was a breach of their obligation to Plaintiff and a substantial factor in causing the injury and damage to Plaintiff, including the above-described injuries to plaintiff DAWN DETJE.

16.   As a further direct and legal cause of the negligence of defendant USA, as described herein, plaintiff incurred expenses for medical care and

4

treatment in an amount not presently ascertainable, and will continue to incur such

expenses in the future.  Plaintiffs ask leave of this Court to show the same at the

time of trial.

WHEREFORE, Plaintiff DAWN DETJE demands judgment against

defendant United States of America for general and special damages in amounts to

be shown at trial; for the plaintiffs' costs, interest, reasonable attorneys' fees; and

such other and further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaiʻi, March 12, 2014.


JEFF CRABTREE
Attorney for Plaintiff